Allen
v.
Hendree.

*Ex parte* LAMPMAN.

The plaintiff in a justice's court recovered $40; and, on appeal, his recovery was reduced to $3, 12 1-2; *held,* that he was entitled to $7 costs with disbursements; and that the C. P. had no discretion to reduce the costs. That discretion exists in those cases only, where the appellee recovers less in the C. P. than in the justice's court; but still more than $25.

LAMPMAN sued *Bennett* and others in a justice's court of the county of *Oneida ;* and recovered judgment for $40. The defendants appealed to the common pleas of that county ; and a verdict was rendered for the plaintiff, on trial there, for $3,12½. The court held that this was a case in which they might exercise a discretion as to costs, within the 41st section of the 50 dollar act, (*sess.* 47, *ch.* 238, *p.* 296,) and awarded the plaintiff $1 costs, only.

It was now submitted, by consent, to this court, whether the C. P. were correct in their construction of the act.

*Allen & Collins,* for the appellee.

*A. Bennett,* contra.

*Curia.* By the proviso to the 39th section of the statute in question, *in all cases* of appeal, if either party recover a sum not exceeding 25 dollars, his costs are not to exceed 7 dollars beside disbursements.

The case is, therefore, provided for by that section ; and the court below erred in not awarding the 7 dollars and disbursements.

The discretionary power of reducing the costs, is given by the 41st section, and is in cases not otherwise provided for. It can apply only to a case where the recovery in the common pleas is reduced below the recovery before the justice ; but still exceeds $25.

---

ALLEN and others *against* HENDREE.

An affidavit for a commission must shew that issue is joined in the cause; or some reason for applying before.

J. T. B. VAN VECHTEN moved for a commission to take the examination of witnesses ; but the affidavit for the motion did not state that issue was joined in the cause ; nor did it assign any special circumstances, shewing the

necessity or propriety of a commission, before issue in the cause.

*J. E. Lovett* objected, that the affidavit was defective. It should have stated that issue was joined in the cause. (2 *John. Rep.* 478. 3 *id.* 259.)

And of this opinion was *the Court;* and they denied the motion.

Motion denied.

---

### JACKSON, *ex dem.* MARVIN and OTHERS, *against* S. HOTCHKISS.

EJECTMENT to recover part of military lot No. 44, in *Homer, Cortland* county, tried at the circuit in that county, *January 25th,* 1825, before THROOP, C. Judge; when the following facts appeared :

The defendant came into possession of the premises in question, by agreement with *Daniel Hoar* and *Abner Hotchkiss,* who took possession under a written and sealed contract to purshase of *Anthony Marvin,* who died in 1811; (and of whom the lessors of the plaintiff are the children and heirs at law.) This contract of purchase was dated *October* 19*th,* 1797, about which time the vendees took possession. The last payment was to have been made in *March,* 1799. Two payments of part of the purchase money were endorsed on the contract; the last, of $60, as of *February* 14*th,* 1798. The present action was commenced in 1824. The vendees and the defendant had continued in possession of the premises in question from the time of the contract of purchase; and made permanent and valuable improvements, defended several actions of ejectment, and not been called on to pay; and have even acquired title by conveyance from a third person.

*Where one enters on land under a contract to purchase; but neglects to pay the consideration money, he and those claiming under him are estopped to question the title of the vendor, or his heirs; though more than 20 years have elapsed from the time when the last payment became due; though the vendee, and those claiming under him, have made permanent and valuable improvements by the vendor*

A delay of twenty years to demand the money, or bring a suit upon a contract under seal, will raise a presumption of payment; but this may be repelled by showing that the covenantee died after the money fell due, leaving the contract in the hands of his attorney, who did not deliver it to the administrators, or place it within their control, till a number of years after the covenantee's death, it not appearing that they had any knowledge of the contract at the time of making out the inventory of their intestate's estate.